Allcott
v.
Barber.

An unlicenced practitioner in physic, is not entitled to recover a demand claimed by him for medicine furnished, in which evidently is included compensation for his services as a physician.

## ALLCOTT *vs.* BARBER.

ERROR from the Monroe common pleas. Barber sued Allcott in a justice's court, and declared in writing, in these words: "Declaration for botanical medicine for daughter, at three different times in the year 1824, amounting to $18." The defendant pleaded the general issue, and specially, 1. That the plaintiff was not a licenced physician; 2. That the plaintiff did not use, for the benefit of the defendant, any roots, &c. the growth or produce of the U. S.; 3. That the plaintiff's services and medicines were useless: to which the plaintiff replied, *that the pleas are incorrect.* The justice gave judgment for the plaintiff for $18, and the defendant appealed to the Monroe common pleas. On the trial in that court, it appeared that a daughter of the defendant was ill of a complaint which had baffled the skill of her attending physician; that the plaintiff was sent to come from Auburn, where he resided, to Rochester, a distance of seventy miles; that he visited the patient three times—in the summer, in the fall, and at an intermediate time; that he left, to be used by the patient, two phials of medicine and a box of ointment; that the patient was recovered, or nearly so, by the use of the medicine. What the medicine was, the witness did not know. "Being asked what the value was, she said, at first, she did not know; that the patient was cured. She was then asked, if she thought the charge of $16 or $18 high; she said she thought it very low, that it cured the patient." The defendant proved, that the plaintiff went about the country administering medicines and prescribing for diseases, and was not a licenced physician. The court charged the jury, that notwithstanding they might be of opinion that the plaintiff attended and administered the medicine to the daughter of the defendant as an unlicenced physician or quack doctor, yet that still he would be entitled to recover the value of the medicine; but the jury would be careful, in estimating such value, not to allow the plaintiff any thing for advice, or attendance, or

personal services, as a physician; to which charge the defendant excepted. The jury gave a verdict for $15,66, for which, and $18,30 costs, the plaintiff took judgment. The cause was submitted on written arguments.

*S. L. Selden,* for plaintiff in error, relied, for the reversal of the judgment, on 14 *Johns. R.* 369, and 1 *Johns. R.* 513.

*D. D. Barnard,* for defendant. The action was for the sale and delivery of personal chattels: it was not brought for the collection of a debt incurred by the practice of physic or surgery, and therefore not within the prohibition of the statute. (2 *R. L.* 222, *sect.* 12.) The plaintiff shewed the delivery of the articles, a witness valued them at $16 or $18, and the jury found a verdict for $15,66, under a charge from the court, in estimating the value, *not* to allow any thing for advice, or attendance, or personal services, as a physician.

The real question is, can there be a recovery for medicines sold except by a licensed practitioner of physic and surgery? if not, an apothecary cannot recover for medicines sold by him, unless he is a licensed physician. The fact of the plaintiff's going about the country prescribing for diseases, did not deprive him of the right to recover for the drugs he sold, nor did it subject him to the penalty given by the *twentieth* section, whilst he did not receive any fee or reward for practicing without a license. The *practitioner* of physic prescribes for diseases; the *apothecary* furnishes the medicine. The object of the statute was, to prohibit the practice of physic to unlicenced practitioners; that is, the prescribing for diseases, by prohibiting the collection of a debt thus incurred, and further subjecting the practitioner to a penalty if he took such fee or reward. The plaintiff here claimed nothing for prescribing, he only asked payment for the medicines furnished.

*Selden,* in reply. The plaintiff acted as a physician. He came a distance of seventy miles, and prescribed for the patient. He did not furnish the medicines as an apothecary.

ALBANY,
Oct. 1828.

Allcott
v.
Barber.

*By the Court,* SAVAGE, Ch. J.   This case seems to be an attempt to evade the statute, which prohibits a recovery by a medical practitioner who is not regularly licensed.   The counsel for the defendant in error takes a distinction between the practitioner of physic and the apothecary, which undoubtedly is correct, but seems to me not applicable to this case.   The defendant in error travelled three times from Auburn to Rochester, to visit the plaintiff's daughter.   He was sent for after other physicians could do no more.   He came and prescribed for the patient, and cured her by the use of two phials of medicine and a box of ointment.   What the medicines were, the witness knew not.   She was asked the value not of the medicines simply, for her answers shew that she estimated the services of the defendant in error as worth $16 or $18, because the patient was cured.   The medicines, at the apothecary's shop, would probably have been worth only a few shillings ; but here the witness and the jury undoubtedly estimated the services of the physician. Where the same person officiates as physician and apothecary, he comes within the decision of this court, (14 *Johns. R.* 369,) that an unlicenced practitioner is incapable of suing for services rendered, or medicines furnished, as a physician.   As the patient was cured, it is to be regretted that Barber was not paid ; but if unlicenced pretenders to skill in diseases can recover, as in this case, the statute may become a *dead letter: the country will be filled with mere quacks,* pedling their nostrums, and deceiving and destroying the ignorant and credulous, the very mischief which the statute is intended to prevent.   I do not say that the defendant in error is a mere pretender, for he cured his patient, and in honor and honesty, should have been paid ; but it is our duty to administer the law.   I am of opinion that the court erred, and that the judgment below must be reversed.

Judgment reversed.