## HOLLAND vs. ADAMS.

1. A note given in consideration of services rendered by the payee as a physician, when he has not obtained a license, is made void by statute, (Clay's Digest, 487.) yet if he sells drugs and medicines apart from his professional business as a physician, he may recover for them; and where they constitute a part of the consideration of the note, the true question to be determined by the jury is, whether such drugs and medicines were prescribed, administered or furnished by the payee in the capacity of physician, or sold by him as a druggist or apothecary.

ERROR to the Circuit Court of Macon.

Tried before the Hon. EZEKIEL PICKENS.

FAIR & WHATLEY, for plaintiff in error.

G. W. GUNN, contra.

CHILTON, C. J.—The plaintiff in error sued the defendant in assumpsit, to recover upon a promissory note for $53 12½. The defence set up was, that the consideration of the note was for the medical services of the plaintiff in error, rendered as a physician, and that said plaintiff had failed to

Holland v. Adams

produce a license to practice as a physician, and could not under the statute be allowed to recover for such services.

Upon the trial, the plaintiff having read the note, and closed, the defendant offered the account containing the items which constituted the consideration of the note. Among these are sundry charges for drugs and medicines, boxes of pills, bottles of oil, magnesia, &c. The court, upon this evidence, charged the jury, "that the plaintiff could not recover for the items of drugs and medicines constituting a portion of the consideration of the note."

If the note in suit was given in consideration of the services of the plaintiff, rendered as a physician or surgeon, then the statute declares it void, Clay's Dig. 487, unless he has obtained a license; but one who practices as a physician may also be a druggist or an apothecary, and while we should be far from allowing the law to be evaded, by holding that the physician could recover for medicines prescribed or administered by him as such, when he had no license, yet if he sells drugs and medicines apart from his professional business as a physician, the fact that he is an unlicensed physician will not prevent his recovering for them.

The true question, then, in this case for the jury was, were the drugs and medicines embraced in the account prescribed, administered or furnished by the plaintiff acting in the capacity of physician; or did he sell them in the capacity of druggist, or apothecary. If in the latter capacity merely, he should have been allowed to recover for them. This inquiry was virtually withdrawn from the jury, by the charge which was given, and which assumed that the plaintiff furnished these articles as a physician. See Allcott v. Barker, 1 Wend. Rep. 526.

Let the judgment be reversed, and the cause remanded.