No. 7017.

# LOUISIANA BOARD OF MEDICAL EXAMINERS v. F. H. SEELEY.

## Syllabus.

A manufacturer and vendor of an appliance, termed a truss, who, in connection with such business or vocation, advertises that he treats, relieves and, in certain cases, cures through the use thereof a bodily ailment, infirmity, deformity or defect, known as "hernia", and who, prior to fitting and applying the truss, ascertains from a physical examination, of the prospective purchaser, the nature of the hernia and its curability, and thus determines the strength, size and conformation of the truss required to properly effect the relief or cure, is "practicing medicine" within the terms of Section 13 of Act 56 of 1914.

Appeal from the Civil District Court, Parish of Orleans, Division "B", No. 116,200; Honorable Fred D. King, Judge. Reversed.

E. T. Florance, for plaintiff and appellant.

B. B. Howard, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

This is a suit under Section 14 of Act 56 of 1914 to enjoin defendant from practicing medicine until he shall have secured the certificate required by the act; and the question submitted for determination is whether or not defendant is engaged in the practice of medicine within the terms and meaning of the statute.

Section 13, so far as pertinent, provides:

"Any person shall be regarded as practising medicine within the meaning of this act who shall * *

335

* prescribe, direct or apply, or shall * * * publicly advertise that he prescribes, directs or applies, for the alleged purpose of treating, curing or relieving any bodily * * * disease, infirmity, deformity, defect, ailment or injury in any person other than himself, any drug, instrument or force, whether physical or physic, of whatever nature, or any other agency or means, or who shall examine any person for such purpose * * · *."

The evidence adduced upon behalf of defendant shows that he "advertises" and undertakes to "treat," "relieve" and, in some cases, to "cure" rupture or hernia, which, if not strictly a "disease", is certainly a "bodily * * * infirmity, deformity, defect, ailment or injury." To that end he fits and "applies" to the body of the person afflicted an "instrument" of his own manufacture, called a "truss", which he makes and shapes to conform to the "contour of the body as well as the size and power required to retain the hernia" in each particular case. In his testimony he admits that he "examines" the patient for the purpose not only of properly fitting and applying the truss, but in order to determine that the patient is not suffering from "strangulated hernia", which is not curable.

Such is the business or vocation in which defendant is engaged; and it would be impossible for the Legislature to more accurately describe, define or embrace it by the use of any other language than that employed in the statute. There is no ambiguity and consequently no occasion to resort to rules of construction. And while the statute is undoubtedly far-reaching the power to consider the wisdom or propriety of the legislation does not lie in the courts. Nor is the Court presently concerned with the question of whether or not the statute would apply in sundry hypothetical cases suggested in brief and argument,

336

such as the mother administering to her child, or the affording of relief in cases of emergency, etc. These matters are not before us and need not be presently considered. It suffices for the instant case to hold that the statute in unmistakable terms embraces the acts performed by defendant in the practice and pursuit of his avowed business or vocation.

The cases cited as announcing a contrary doctrine involve the construction of statutes more limited in language and effect than the one now under consideration.

State v. Lehr, 63 N. E., 725.

State v. Smith, 64 N. E., 972.

Holland v. Adams, 21 Ala., 680.

The judgment is accordingly set aside and reversed and it is now decreed that the writ of injunction herein issued on April 19, 1916, be reinstated and made absolute and that defendant, F. H. Seely, be accordingly perpetually enjoined from practicing medicine in any of its departments in this State until he shall have first obtained the certificate prescribed by Act 56 of 1914; and it is further decreed that there be judgment in plaintiff's favor against defendant for $50.00 as attorney's fees and for all costs.

Opinion and decree, May 28th, 1917.

## On Application for Amendment.
## Per Curiam.

The injunction herein is not to be construed as prohibiting the sale or advertising of Seeley's Spermatic Shield, or the physical act, without diagnosis of any kind, of fitting same. On these matters the Court expresses no opinion, they not being an issue in the case.

Opinion and decree, June 25th, 1917.